**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARABED O. MIRZOIAN, | No. 18-15367 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00024 |
| v. | |
| MICHEL N. EL-RAHI; NIDAL Z. ZAYED, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Submitted July 10, 2018[**]

Before:      CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Garabed O. Mirzoian appeals pro se from the district court's order

dismissing for lack of subject matter jurisdiction Mirzoian's employment action

alleging wrongful termination in violation of Title VII, the Americans with

Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("GINA"), and the Age Discrimination in Employment Act ("ADEA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter jurisdiction.  *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001).  We vacate and remand.

The district court dismissed Mirzoian's action for lack of subject matter jurisdiction because it concluded that Mirzoian failed to exhaust administrative remedies.  However, although Mirzoian did not file a discrimination charge with the EEOC until 2015, he filed a discrimination complaint with the Commonwealth of the Northern Mariana Islands ("CNMI") Department of Labor within 18 days of his termination in 2006.  *See* 42 U.S.C. § 2000e-5(e)(1) (a charge must be made with the EEOC within 180 days of the alleged unlawful employment practice or within 300 days if a charge is first made with an authorized state agency); *see also Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174-1175 (9th Cir. 1999) (explaining that under worksharing agreements between EEOC and some state agencies, when a charge is filed with the state agency before the 300-day filing deadline expires, it is deemed automatically filed with the EEOC on that same day).  It is not clear from the district court's order whether the district court considered the effect of Mirzoian's filing of the complaint with the CNMI Department of Labor on the issue of exhaustion of administrative remedies.

We therefore vacate the dismissal order and remand for the district court to

18-15367

consider whether Mirzoian could be deemed to have constructively filed his claims with the EEOC on the day he filed his charge with the CNMI Department of Labor, and therefore exhausted his administrative remedies at that time.

**VACATED and REMANDED.**